# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**CCC, Inc., a West Virginia Corporation,**
**Defendant Below, Petitioner,**

**vs.)  No. 17-0660** (Kanawha County 15-C-2159)

**J Class Collision, LLC, a**
**West Virginia limited liability company,**
**Plaintiff Below, Respondent**

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner CCC, Inc., by counsel L. Richard Dorsey II, appeals the Circuit Court of Kanawha County's June 26, 2017, order ruling on a "Petition for Interpleader." Respondent J Class Collision, LLC, by counsel O. Gay Elmore Jr., filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying its claim for rent from the period of January of 2017 through April of 2017 because it constituted additional sanctions without an award of the same.[1]

---

[1]In the brief on appeal, petitioner raises four additional assignments of error. However, these assignments of error all relate to rulings the circuit court issued prior to the entry of the order on appeal and which are all untimely. As more fully detailed below, following a bench trial, the circuit court entered its "Final Judgment Order In Favor Of J Class Collision, LLC" directing petitioner to sell the property at issue on July 11, 2016, and entered its "Order Granting In Part [Petitioner]'s Motion to Amend Judgment" on December 1, 2016. Thereafter, the circuit court entered an "Order Granting Motion To Enforce And Award Attorney[']s Fees And Costs" on March 3, 2017, and a subsequent "Order Denying [Petitioner] CCC, Inc[.]'s Motion To Amend Court's Findings Of Fact, Motion For New Trial, Or Evidentiary Hearing On Issue Of Form Of The Deed" on March 17, 2017. In its last order, the circuit court specifically ruled that "[a]ll issues in this matter have been adjudicated and this is a final order disposing of this case." Petitioner failed to appeal from any of these orders.

Conversely, the order on appeal, while styled as "Final Order", was an order issued as a result of a "Petition For Interpleader" filed on behalf of Stephen L. Thompson, the escrow agent handling the closing for the sale of the subject property. While petitioner did raise the additional issue of unpaid rent at the hearing on this petition, the record is clear that the matter between the parties had concluded with the entry of the circuit court's March 17, 2017, order, the "Petition For Interpleader" notwithstanding.

(continued . . . )

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2013, petitioner and respondent entered into a lease agreement whereby petitioner leased a commercial building located in Dunbar, West Virginia, to respondent. According to the lease agreement, petitioner gave respondent an "absolute" right to the "Option to Purchase" the subject property. During the course of the lease agreement, respondent expressed the intent to exercise the purchase option "on numerous occasions." Ultimately, around the summer of 2015, petitioner agreed to sell the property at issue, at which point respondent was approved for financing to complete the purchase. However, petitioner "refuse[d] to sell the Subject Property to [respondent] citing negative tax ramifications." As a result of petitioner's refusal to abide by the purchase option in the lease agreement, respondent filed a complaint seeking to compel petitioner to sell it the subject property in December of 2015. Petitioner then filed an answer and counterclaim asserting, among other things, that it was entitled to unpaid rent from respondent.

Following a bench trial, the circuit court entered an order on July 11, 2016, in which it ruled that petitioner "shall abide by the terms of the Lease Agreement herein, and execute a deed to [respondent] thereby consummating the sale of the subject property." However, by order entered on December 1, 2016, the circuit court granted petitioner's motion to amend the judgment to include a ruling on petitioner's counterclaim for unpaid rent. In that order, the circuit court found that

---

West Virginia Code § 58-5-4 explicitly states that "[n]o petition shall be presented for an appeal from any judgment rendered more than four months before such petition is filed with the clerk of the court where the judgment being appealed was entered . . . ." *See also* W.Va. R. App. Pro. 5(f) ("Unless otherwise provided by law, an appeal must be perfected within four months of the date the judgment being appealed was entered in the office of the circuit clerk . . . ."). It is uncontroverted that petitioner failed to comply with this requirement in regard to the circuit court's March 17, 2017, order resolving the issues between the parties and concluding the litigation between them. Not only did petitioner fail to perfect his appeal within the four-month time frame, he had not even filed his notice of appeal with this Court by July 17, 2017. While both West Virginia Code § 58-5-4 and Rule 5(f) provide for the granting of extensions in certain circumstances, the record is devoid of any such requests for extensions by petitioner until well after four months beyond the entry of the circuit court's March 17, 2017, order. As such, any assignments of error petitioner raises in regard to the circuit court's earlier orders are untimely, and this Court will consider only the assignment of error related to the circuit court's ruling as contained in the order on appeal.

[t]he remaining issues [petitioner] raised in its Motion to Amend are moot based on [petitioner's] representations at the hearing that it will close on the real estate transaction pursuant to the lease agreement, assuming that the rental payments are brought current. The transaction shall be closed by December 31, 2016.

The circuit court further "ORDERED that conditional upon payment of such amount, [petitioner] shall consummate the sale of the real property at issue in this case to [respondent], pursuant to the terms of the Lease Agreement, by December 31, 2016." It is undisputed that respondent paid petitioner the full amount of money for unpaid rent that the circuit court awarded.

On January 17, 2017, due to petitioner's failure to consummate the sale of the subject property, respondent filed a motion to enforce the circuit court's prior order and for attorney's fees and costs. Additionally, a third-party, Gravely Tractor and Lawn Equipment, Inc. ("Gravely"), filed a motion to intervene in the proceedings.

In February of 2017, the circuit court held a hearing on the outstanding motions. Turning first to the motion to intervene, Gravely informed the circuit court that it did not seek to intervene in order to force the sale at issue, but rather to address issues concerning certain property rights that petitioner was ordered to convey to respondent and the effect such conveyance would have on its own property rights. Ultimately, the circuit court found that Gravely's motion to intervene was untimely, given that the matter had previously been resolved by a bench trial, and denied the same. Turning to respondent's motion, the circuit court found that petitioner "failed to comply with the December 1, 2016[,] Order" and therefore granted the motion to enforce that order and to award respondent attorney's fees and costs in the amount of $4,783. Further, pursuant to Rule 70 of the West Virginia Rules of Civil Procedure, the circuit court "execute[d] a Deed on behalf of [petitioner] conveying the subject property to [respondent] for the agreed upon consideration" as set forth in the lease agreement. The circuit court's order was entered on March 3, 2017.

On March 8, 2017, petitioner filed a motion to amend the circuit court's findings or make additional findings of fact, or, alternatively, for a new trial or evidentiary hearing on the issue of the form of the deed. By order entered on March 17, 2017, the circuit court denied petitioner's motion without holding a hearing. As set forth above, petitioner failed to appeal from any of these orders ruling on the transfer of the property at issue.

On April 21, 2017, Stephen L. Thompson, the escrow agent handling the closing on the subject property, filed a "Petition for Interpleader" seeking a ruling on the distribution of funds held. On June 15, 2017, the circuit court held a hearing upon the "Petition for Interpleader." During the hearing, petitioner raised issues with funds held in escrow for payments under the lease from January of 2017 through closing, which the record indicates did not take place "until April of 2017 . . . ." Because of the delay in closing, petitioner argued that it was entitled to lease payments for the additional time that respondent still had the benefit of the property. Respondent, however, "argued that [petitioner] should not benefit from its wrongful action and refusal to comply" with the circuit court's prior orders. Ultimately, the circuit court ruled that petitioner "shall not be entitled to any of the funds held by this Court for unpaid rents" and that the funds the circuit court held as of the date of the hearing were "to be paid unto Real Corp, LLC, care of

Stephen L. Thompson . . . ." It is from the circuit court's June 26, 2017, order ruling on the interpleader petition that petitioner appeals.

This Court has previously established the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *Valentine & Kebartas, Inc. v. Lenahan*, 239 W.Va. 416, 801 S.E.2d 431 (2017). On appeal, petitioner argues that in denying its request for rent payments for the period of January of 2017 through April of 2017, the circuit court "levied additional sanctions against [petitioner]" for the same issues that it previously awarded sanctions in its March 3, 2017, order. We note, however, that petitioner's argument in support of this assignment of error fails to comply with this Court's rules.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the *points of* fact and *law presented,* the standard of review applicable, *and citing the authorities relied on . . .* [and] must contain appropriate and specific citations to the record on appeal . . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief in regard to his assignment of error is inadequate as it fails to comply with Rule 10(c)(7) and our December 10, 2012, administrative order.[2] Accordingly, the Court will not address the assignment of error on appeal.

---

[2]Even assuming that, in supporting this assignment of error, petitioner sought to rely on the argument provided in support of its separate assignment of error alleging that the circuit court erred in sanctioning petitioner for non-compliance with its orders, petitioner has still failed to

(continued . . . )

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  February 15, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

satisfy the requirements of the applicable rule, given that the argument in support of that related assignment of error similarly contains no citation to authority to support the argument.